Keyspan Gas E. Corp. v Supervisor of Town of N. Hempstead (2019 NY Slip Op 00864)





Keyspan Gas E. Corp. v Supervisor of Town of N. Hempstead


2019 NY Slip Op 00864


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-10588
 (Index No. 7269/02)

[*1]Keyspan Gas East Corporation, etc., plaintiff,
v
Supervisor of Town of North Hempstead, et al., defendants third-party plaintiffs-respondents; County of Nassau, et al., third-party defendants- appellants.


Jared A. Kasschau, County Attorney, Mineola, NY (Lisa LoCurto and Rivkin Radler, LLP [William M. Savino, Stephen J. Smirti, Jr., M. Paul Gorfinkel, and Frank M. Misti], of counsel), for third-party defendants-appellants.
Jaspan Schlesinger, LLP, Garden City, NY (Andrew M. Mahony of counsel), for defendants third-party plaintiffs-respondents.



DECISION & ORDER
In a consolidated action, inter alia, for a judgment declaring that the imposition of special ad valorem levies for garbage and refuse collection services against certain "mass" properties owned by the plaintiff is illegal and void, the third-party defendants appeal from a judgment of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered August 29, 2016. The judgment, insofar as appealed from, is in favor of the defendants third-party plaintiffs and against the third-party defendants in the principal sum of $2,486,923.80.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
Based upon the Court of Appeals' holding that Nassau County, on behalf of its towns and their ancillary bodies, could not impose special ad valorem levies for garbage service on utility mass property (see New York Tel. Co. v Supervisor of Town of Oyster Bay 4 NY3d 387, 392-395), the plaintiff, Keyspan Gas East Corporation (hereinafter Keyspan), commenced six related actions seeking refunds of the levies for the tax years 2002 through 2007 from the defendants, Town of North Hempstead and various of ancillary bodies thereof (hereinafter collectively the Town). The Town thereafter commenced third-party actions against the County seeking indemnification pursuant to Nassau County Administrative Code § 6-26.0(b)(3)(c). The actions were subsequently consolidated.
The Town moved, inter alia, for summary judgment on the third-party complaint and the County cross-moved pursuant to CPLR 3211(a)(7) to dismiss the third-party complaint or, in the alternative, for summary judgment dismissing the third-party complaint. In an order entered December 18, 2015, the Supreme Court denied the County's motion and granted that branch of the Town's motion which was for summary judgment on the third-party complaint. The court entered judgment in favor of the Town and against the County in the principal sum of $2,486,923.80. The County appeals from the judgment, which brings up for review the order entered December 18, 2015.
For the reasons stated in Verizon New York, Inc. v Supervisors of Town of Hempstead ( _____ AD3d _____ [Appellate Division Docket No. 2015-08548; decided herewith]), we agree with the Supreme Court's determination granting that branch of the Town's motion which was for summary judgment on the third-party complaint, denying the County's motion, and entering judgment in favor of the Town.
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court